## J. W. GRAY, JR., *v.* COAHOMA COUNTY.

MEDICAL AID TO PRISONER. *Liability of county.* Code 1892, § 4139.

Section 4139, code 1892, which provides that the sheriff, with the concurrence of the circuit clerk or a justice of the peace, may procure medical aid for a prisoner confined in jail, the cost to be paid by the county if the prisoner be unable to pay, has no application to a case where a prisoner, shot by a deputy sheriff while attempting to escape, is carried to his mother's house, and there treated by a physician procured by the sheriff at the suggestion of the circuit judge.

FROM the circuit court of the second district of Coahoma county.

HON. R. W. WILLIAMSON, Judge.

Section 4139, code 1892, is as follows: " When any person confined in jail shall be in need of medical or surgical aid, the sheriff shall immediately, with the clerk of the circuit court or a justice of the peace, examine the condition of such prisoner, and, if they be of opinion that he needs such aid, they shall call in a physician or surgeon to attend him; and, if the prisoner be unable to pay the cost, the account of the physician or surgeon, when allowed and certified as required in respect to accounts of sheriffs for keeping prisoners, shall be paid in like manner out of the county treasury. A physician shall not be allowed more than one dollar and twenty-five cents for each visit; but the board of supervisors may contract with a physician for the jail by the year."

Appellant, J. W. Gray, Jr., propounded to the board of supervisors of Coahoma county a claim for $150, for services rendered by him, as a physician, to Claude James, an alleged prisoner. The account having been refused, Dr. Gray brought this action against the county to recover the sum claimed. He

recovered a judgment in the justice court, and the county appealed to the circuit court. The case was there submitted to the court without the intervention of a jury, on an agreed statement of facts, and judgment was rendered for the defendant, and plaintiff appeals. The agreed statement of facts, appearing in the record, is as follows:

"It is admitted that the man who was shot by the deputy sheriff while escaping from him after having been arrested for carrying concealed weapons, was a laborer upon Capt. Lea's place; that he was working there at the time he was shot by the deputy sheriff; that he was a laboring man, without property; that he was a prisoner being conveyed to the county jail at the time he was shot; that at the time he was shot, and at the time Dr. Gray left the town of Clarksdale with the sheriff to attend him, the board of supervisors had adjourned for dinner, after having been in session that day and the day previous. It is further admitted that the sheriff did not call in the aid of the circuit or chancery clerk to examine into the condition of this prisoner to see whether he needed the services, but reported the matter to the circuit judge, court then being in session, and, on the advice of the judge, sent the doctor out. It is further admitted that after he was shot he was placed in his mother's house, on Capt. Lea's place, and remained there the entire time that these services were rendered to him, about three miles from Clarksdale."

No question was made as to the reasonableness of the compensation in view of the services rendered. It is proper to add that it was agreed that the circuit judge, in advising that the doctor be procured, did not intend to indicate that the county would be liable for his compensation.

*R. H. Wildberger* and *S. C. Cook*, for appellant.

We do not contend that, under the letter of the statute, the board of supervisors had authority to allow the claim, but that the courts have the power, without straining the spirit of the

statute, to make the allowance. That such power exists, was decided in *Lee Co.* v. *Gilbert*, 70 Miss., 791. The wounded man was in the custody of the sheriff and a prisoner, as much so as if he was confined in the jail. He could not be carried to the surgeon, so the surgeon was taken to him. Had this not been done, the man would have been left to die.

The spirit of the statute only requires that the person attended shall be a prisoner and unable to pay.

*Frank Johnston*, attorney-general, for the state.

The case does not come within the provisions of § 4139, code 1892. The man was not a prisoner in the county jail. It was not even shown that he was a pauper, nor does it appear that the requirements of § 4139 could not have been complied with.

WOODS, J., delivered the opinion of the court.

Section 4139, code 1892, has no application to the case disclosed in the record before us. The man, James, to whom the sheriff called the appellant professionally as a surgeon, was not, at the time, a prisoner confined in the jail of the county. He was not then actually in the custody of the sheriff. He had been causelessly shot down by a deputy of the sheriff, and had been carried to and left in his mother's house, some miles away from the jail, and there he remained during the entire period of time of his treatment by the appellant.

It does not even appear that the wounded man was unable to procure for himself needed surgical attention. He was a laborer, and without property, but that is the actual condition of thousands of sturdy, self-helping citizens of this state.

*Affirmed.*